IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LISA N. HORTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00275-O-BP |
| § | |
| SELECT PORTFOLIO SERVICING, § | |
| INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 11) with Brief (ECF No. 12) and Appendix in Support (ECF No. 13), filed February 9, 2018. As of the date of this Recommendation, Plaintiff Lisa Horton has not filed a response to Defendant's Motion. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion for Summary Judgment and **DISMISS** Plaintiff's claims with prejudice.

BACKGROUND

On March 2, 2017, Plaintiff Lisa Horton ("Plaintiff") filed her Original Petition in the 67th Judicial District Court of Tarrant County, Texas. ECF Nos. 1 at 1; 1-4. On March 31, 2017, Select Portfolio Servicing, Inc. ("Defendant") timely removed the suit to this Court. ECF No. 1. Plaintiff's claims are based on allegedly improper notices regarding her home equity loan and an attempted foreclosure sale of the property located at 1505 Hudnall Farm Rd., Keller, Texas 76248 (the "Property"). ECF No. 1-4 at 3.

Defendant filed the instant Motion for Summary Judgment, seeking dismissal of Plaintiff's claims. ECF Nos. 11–12. The Motion is confined to the following arguments: (1) Plaintiff's claims under 12 C.F.R. § 1024.41 is barred by res judicata and fails as a matter of law because the loss mitigation application at issue in this case was not Plaintiff's first complete application, and (2) Plaintiff provides no evidence of damages. ECF No. 11. Plaintiff did not file a response to Defendant's Motion.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57).

When the nonmovant files no response to a summary judgment motion, the Court nevertheless cannot grant a default judgment, even if the failure to respond violates a local rule. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The district court may only grant the motion if the movant has established the absence of a genuine material fact. *Id.* The court may, however, accept the movant's evidence and factual assertions as undisputed. Fed. R. Civ. Pro. 56(e)(2); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming summary judgment as the defendant's "submittals made a *prima facie* showing of its entitlement to judgment"). "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

## ANALYSIS

As Horton did not file a response to the Motion for Summary Judgment, the undersigned takes as undisputed the facts and evidence that the Defendants submitted in support of its Motion. The undisputed facts are as follows. On October 20, 2006, Plaintiff signed a Promissory Note payable to W.R. Starkey, in the amount of $246,400.00, which was secured by a Deed of Trust (collectively the "Loan"). ECF No. 12 at 6. The Loan was subsequently assigned and transferred to Defendant. *Id.* Plaintiff states that she submitted a complete submitted a complete loan modification package to Defendant. *Id.* Plaintiff contends that since submitting the application, she received no notice or communication in connection with her request for mortgage assistance. *See id.* Plaintiff failed to make her January 1, 2008 mortgage payment. ECF No. 1-4 at 3–4. According to Defendant, Plaintiff filed for bankruptcy in 2007, 2009, 2010, 2011, and 2014. ECF No. 12 at 6.

In 2015, Plaintiff submitted a complete application for loan medication. *See* ECF No. 13

3

at 30. On March 3, 2016, Defendant offered Plaintiff a Streamline Home Affordable Trial Modification Plan. *Id.* at 60. Plaintiff, however, allowed the offer to expire and continued to default on her mortgage payments. *Id.* at 71. On January 22, 2016, a notice of default was sent to Plaintiff, providing thirty days to cure. *Id.* at 75. On July 11, 2016, Defendant accelerated the Loan and notified Plaintiff, again, that she was in default. *Id.* at 84. Plaintiff then filed a lawsuit against Defendant on October 28, 2016, which was dismissed with prejudice. *Id.* at 230. On February 13, 2017, Defendant posted the Property for foreclosure sale on March 7, 2017. *Id.* at 90. Plaintiff then filed the instant Complaint on March 2, 2017. ECF No. 1-4.

Defendant argues that Plaintiff's claims are barred by res judicata because the Court entered a final judgment dismissing Plaintiff's identical claims with prejudice. ECF No. 12 at 3. Res judicata applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Further, res judicata "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.,* No. 4:13–CV–430–A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point,* 701 F.2d 556, 561 (5th Cir.1983)).

Here, Plaintiff previously filed the same action against Defendant on October 28, 2016, which Defendant removed to the United States District Court for the Northern District of Texas, Fort Worth Division. *Horton v. Select Portfolio Serv. Inc.*, No. 4:16-cv-01044-A (N.D. Tex. Nov. 10, 2016). Defendant argues that Plaintiff's claims are barred by res judicata because this is Plaintiff's second time prosecuting the same claims challenging the foreclosure of the Property

4

involving the identical parties. On January 3, 2017, Judge McBryde of this district entered a final judgment dismissing Plaintiff's claims with prejudice. *Horton v. Select Portfolio Serv. Inc.*, No. 4:16-cv-01044-A (N.D. Tex. Nov. 10, 2016). Plaintiff filed her second action in state court involving the attempted foreclosure of the Property at issue in the instant action, which was removed to this Court on March 31, 2017. ECF No. 1. Upon review of the two complaints, the undersigned finds that they are virtually identical. *Compare Horton v. Select Portfolio Serv. Inc.*, No. 4:17-cv-00275-O-BP (N.D. Tex. Mar. 31, 2017), *with Horton v. Select Portfolio Serv. Inc.*, No. 4:16-cv-01044-A (N.D. Tex. Nov. 10, 2016). Because all the elements of claim preclusion are satisfied, Plaintiff's claims against Defendant are barred and should be dismissed with prejudice. *See Butts v. JP Morgan Chase Bank*, No. 3-11-cv-2542-M-BD, 2011 WL 7109344, at *2 (N.D. Tex. Dec. 28, 2011) (dismissing the plaintiff's claims as barred by res judicata because both the instant action and the prior litigation pertained to the mortgage loan obtained by the plaintiff on the subject property).

Defendant further argues that Plaintiff's claims under 12 C.F.R. § 1024.41 fail as a matter of law. ECF No. 12 at 6. Specifically, Defendant argues that "a servicer is only required to comply with the requirements of 12 C.F.R. § 1024.41 for a single complete loss mitigation application for a borrower's mortgage loan account." *Id.* (citations omitted). Defendant correctly notes that Section 1024.41 "only appl[ies] to a borrower's first loss mitigation application." *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *7-*10 (N.D. Tex. Oct. 12. 2016) (Horan, J.) (citing *Wenztell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 Fed. App'x. 314, 318 n.4 (5th Cir. Oct. 2, 2015)). Plaintiff already submitted her first complete loan modification application prior to the January 9, 2017 application at issue in this action. ECF No. 13 at 45 and 60. Thus, Plaintiff's claims under 12 C.F.R. § 1024.41 lack merit, as the notice requirements only

attach to a single complete loss mitigation application and Defendant provided the required notice concerning the status of Plaintiff's loan modification applications on March 31, 2015 for her first application and on May 4, 2016 for her second application. ECF No. 13 at 30 and 71. Accordingly, summary judgment should be granted on this ground.

Defendant also seeks dismissal of Plaintiff's claims under 12 C.F.R. § 1024.41 and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), because Plaintiff failed to plead any actual damages resulting from the alleged noncompliance as required to recover statutory damages. ECF No. 12 at 13. The provisions of RESPA limit the recovery of actual damages to those that result from a failure to comply with the statute and the costs actually incurred by a plaintiff. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. App'x 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd v. BAC Home Loans Servicing, LP,* 880 F.Supp.2d 747, 768 (N.D. Tex. 2012) (Ramirez, J.) (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of ... RESPA."), *rec. adopted,* 880 F.Supp.2d 747 (N.D. Tex. 2012) (Lynn, J.). Defendant argues that "Plaintiff has no evidence of damages to sustain this claim as no foreclosure has taken place." ECF No. 13 at 13. Further filings by Plaintiff might have clarified this particular issue, but no summary judgment evidence of Plaintiff's damages has been offered. Defendant therefore is entitled to summary judgment on this ground as well.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion for Summary

Judgment (ECF No. 11), and **DISMISS** Plaintiff's claims with prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 8, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

7